IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIK PADILLA,

       Plaintiff,

v.                                                                                        No. CIV 15-0746 JB/KK

SHEI CLERK; STEPHANIE CLERK;
KATHIEA CLERK; SHERI H. WHITE, Two;
DONNA CLERK; BRANDON WATTS;
DEC NAZI; NAZI POPE, One;
NAZI POPE, Two; OSIRIUS MAYOR, One;
ISIS MAYOR, One; AMEN SIM POLICE NAZI, Five;
JEREMIAH COMACHOS, Real Da also known as
Delilch Padilla also known as Robert Flores also known
as Ru Ray also known as Marty Padilla;
MARTY PADILLA; RAMSES FNU, Mark Padilla's Wife;
GREEK FNU, Marty Padilla's step son;
ROBERT CHUNG, Police;
CAROL WALTERS, New Police Officer Maintenance;
EVELYN WALKER, New Police Officer Maintenance,

       Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the Plaintiff's failure to comply with the Order of the Honorable Kirtan Khalsa, United States Magistrate Judge for the District of New Mexico, either to pay the $400.00 fee[1] for instituting a civil action or to file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)." Order to Cure Deficiency, filed August 27, 2015 (Doc. 5)("Order to Cure Deficiency"). Plaintiff Erik Padilla has failed to prosecute under rule 41(b) of the Federal Rules of Civil Procedure. Accordingly, the Court will dismiss his Civil Complaint, filed August 24, 2015 (Doc. 1)("Complaint"), without

---

[1]The $400.00 fee for instituting any civil action, suit or proceeding is the sum of a $350.00 filing fee, see 28 U.S.C. §1914, and a $50.00 administrative fee.

prejudice.

## PROCEDURAL BACKGROUND

Padilla filed his Complaint on August 24, 2015. See Complaint at 1. Padilla did not pay the fee for instituting a civil action. Nor did he file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)." Judge Khalsa granted Padilla twenty-one days from entry of her Order "to either pay the $400.00 fee for instituting a civil action or file an 'Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form),'" and notified Padilla that failure to timely comply with her Order may result in dismissal of this case without prejudice. Order to Cure Deficiency, filed August 27, 2015 (Doc. 5). Padilla did not pay the fee or file the Application by the September 21, 2015, deadline.

## LAW REGARDING FAILURE TO PAY FILING FEE

Section 1914(a) of Title 28 of the United States Code provides: "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ." The courts have treated the failure to pay a filing fee upon order of the court as a failure to obey a court order and a failure to prosecute under rule 41(b). See Scherer v. Kansas, 263 F. App'x 667, 669 (10th Cir. 2008)(affirming dismissal of pro se plaintiff's § 1983 action under rule 41(b) based on plaintiff's failure to pay required filing fee, despite being informed that his case would otherwise be dismissed). Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir.2003)(citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962)).  The United States Court of Appeals for the Tenth Circuit has instructed district courts to dismiss a complaint without prejudice where a plaintiff has not been granted leave to proceed in forma pauperis and has not paid the district court filing fee.  See Amen v. United States, 1997 WL 158163, at *1 (10th Cir. 1997)(unpublished disposition).

## ANALYSIS

Padilla received notice that this case may be dismissed without prejudice if he did not timely "pay the $400.00 fee for instituting a civil action or file an 'Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).'"  Order to Cure Deficiency at 1. Padilla did not timely pay the fee or file an application to proceed in district court without prepaying fees.  Padilla has not been granted leave to proceed in forma pauperis.  The Court will therefore dismiss his Complaint without prejudice for failure to prosecute under rule 41(b).

**IT IS ORDERED** that Plaintiff Erik Padilla's Civil Complaint, filed August 24, 2015 (Doc. 1)("Complaint"), is dismissed without prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Erik Padilla
Mountainair, New Mexico

    *Plaintiff pro se*