## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ERIK PADILLA,

       Plaintiff,

v.                                        No. CIV 15-0746 JB/KK

SHEI CLERK; STEPHANIE CLERK;
KATHIEA CLERK; SHERI H. WHITE, Two;
DONNA CLERK; BRANDON WATTS;
DEC NAZI; NAZI POPE, One;
NAZI POPE, Two; OSIRIUS MAYOR, One;
ISIS MAYOR, One; AMEN SIM POLICE NAZI, Five;
JEREMIAH COMACHOS, Real Da also known as
Delilch Padilla also known as Robert Flores also known
as Ru Ray also known as Marty Padilla;
MARTY PADILLA; RAMSES FNU, Mark Padilla's Wife;
GREEK FNU, Marty Padilla's step son;
ROBERT CHUNG, Police;
CAROL WALTERS, New Police Officer Maintenance;
EVELYN WALKER, New Police Officer Maintenance,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on: (i) the Plaintiff's Motion to Proceed In Forma

Pauperis, filed October 8, 2015 (Doc. 10)("IFP Motion"); and (ii) the Plaintiff's Motion for Leave

to Proceed on Appeal Without Prepayment [of] Costs or Fees, filed October 8, 2015 (Doc.

11)("Motion for Leave to Appeal IFP").   The Court will deny Plaintiff Erik Padilla's IFP Motion

as moot, because the Court has already entered its Final Judgment dismissing this case without

prejudice and Padilla has filed a notice of appeal.   See Final Judgment, filed September 30, 2015

(Doc. 9); Notice of Appeal to Chief District Judge M. Christina Armijo, filed October 8, 2015

(Doc. 12)("Notice of Appeal").   The Court will deny Padilla's Motion for Leave to Appeal IFP,

because he has not shown the existence of a reasoned, nonfrivolous argument on the law and

in support of the issues raised on appeal.   The Court will certify that Padilla's appeal is not in good faith, because his argument of error lacks merit.

## PROCEDURAL BACKGROUND

Padilla filed his Complaint on August 24, 2015.   See Civil Complaint, filed August 24, 2015 (Doc. 1).   Padilla did not pay the fee for instituting a civil action.   Nor did he file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."   The Honorable Kirtan Khalsa, United States Magistrate Judge for the District of New Mexico, granted Padilla twenty-one days from entry of her Order "to either pay the $400.00 fee for instituting a civil action or file an 'Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form),'" and notified Padilla that failure to timely comply with her Order could result in dismissal of this case without prejudice.   Order to Cure Deficiency, filed August 27, 2015 (Doc. 5).   Padilla did not pay the fee or file the Application to proceed in district court without paying fees by the September 21, 2015, deadline.   Padilla has not been granted leave to proceed in forma pauperis ("IFP").   The Court therefore dismissed his Complaint without prejudice for failure to prosecute under rule 41(b) of the Federal Rules of Civil Procedure.   See Memorandum Opinion and Order of Dismissal, filed September 30, 2015 (Doc. 8).   The Court also entered its Final Judgment dismissing the case without prejudice.   See Final Judgment at 1.   On October 8, 2015, Padilla filed his IFP Motion and Motion for Leave to Appeal IFP.   He also appealed the Court's orders dismissing this case and entering final judgment.   Padilla asserts that he timely sent an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."[1]   Notice of Appeal at 6-8.

---

[1]As the Court explains in this Memorandum Opinion and Order's analysis section, there is no indication on the docket, and Padilla does not provide any proof in his Notice of Appeal, that he filed an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)"

## LAW REGARDING PROCEEDING IN FORMA PAUPERIS

The statute for proceedings in forma pauperis, see 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.   See 28 U.S.C. § 1915(a).

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

Menefee v. Werholtz, 368 F. App'x 879, 884 (10th Cir. 2010)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)).

"The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs. . . ."   Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948).   While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."   Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339.   The Court may, however, deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars.   See Brewer v. City of Overland Park Police Department, 24 F. App'x 977, 979 (10th Cir. 2002)(that litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[2]   "[A]n application to proceed *in forma pauperis*

_____

with the Clerk.
    [2]At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00.   See 28 U.S.C.A. § 1913 (2001) Judicial Conference Schedule of

should be evaluated in light of the applicant's present financial status."   Scherer v. Kansas, 263 F.

App'x 667, 669 (10th Cir. 2008)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)).

The Court may grant a motion to proceed in forma pauperis even if the complaint fails to

state a claim and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).   See Buchheit v. Green,

705 F.3d 1157, 1160-1161 (10th Cir. 2012)("There is simply nothing in the language of the statute

[regarding proceedings in forma pauperis, 28 U.S.C. § 1915,] indicating that such a dismissal must

occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying
> the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and
> then, if the court discovers that the action is frivolous or improper or that the
> allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. §
> 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962).

## LAW REGARDING LEAVE TO APPEAL IN FORMA PAUPERIS

> In order to succeed on [a motion for leave to proceed on appeal without
> prepayment of costs or fees], an appellant must show a financial inability to pay
> the required filing fees and the existence of a reasoned, nonfrivolous argument on
> the law and facts in support of the issues raised on appeal.

DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).   "An appeal may not be taken in

forma pauperis if the trial court certifies in writing that it is not taken in good faith."

28 U.S.C. § 1915(a)(3).   "The Supreme Court has held that good faith is to be judged by an

objective standard, for review of any issue 'not frivolous.'"   Spearman v. Collins, 500 F. App'x

742, 743 (10th Cir. 2012)(citing Coppedge v. United States, 369 U.S. 438, 445 (1962)).   "An

appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly

without merit."   Spearman v. Collins, 500 F. App'x at 743.   See Thompson v. Gibson, 289

Fees.  Brewer's monthly income exceeded his monthly expenses by $242.00.  See Brewer v.
City of Overland Park Police Department, No. 01-3055, Appellant's Motion for Leave to Proceed
on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

1218, 1222 (10th Cir. 2002)("[A]n appeal is frivolous if it lacks an arguable basis in either law or fact.").

## LAW REGARDING FILING PAPERS WITH THE COURT

Rule 5(d)(2) of the Federal Rules of Civil Procedure provides: "A paper is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must note the filing date on the paper and promptly send it to the clerk."  "Mailing, however, does constitute 'filing' under the Federal Rules of Civil Procedure." Snyder v. Snyder, 139 F.3d *3 (10th Cir. 1998)(unpublished table decision).[3]  "The rules contemplate that filing with a district clerk can only be accomplished by proof of the physical delivery of the document. Normally, this is acknowledged by the affixing of the clerk's file stamp thereon." Snyder v. Snyder, 139 F.3d at *3 (quoting United States v. Doyle, 854 F.2d 771, 773 (5th Cir. 1988)). appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. Juan County, 32 F.3d 452, 455 (10th Cir. 1994)(citing Nielson v. Price, 17 F.3d 1276, 1277 (10th

---

[3]Snyder v. Snyder is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that Snyder v. Snyder, Griffin v. Reid, 259 F. App'x 121, 123 (10th Cir. 2007), Pyeatt v. Does, 19 F. App'x 785 (10th Cir. 2001) Chavez v. Primus Auto. Fin. Servs., 125 F.3d 861, 1997 WL 634090 (10th Cir. 1997), and Amen v. United States, 1997 WL 158163, at *1 (10th Cir. 1997), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Cir. 1994)).   "Even a pro se litigant must follow the same rules of procedure that govern other

litigants."   Santistevan v. Colo. Sch. Of Mines, 150 F. App'x 927, 931 (10th Cir. 2005).

## LAW REGARDING FAILURE TO PAY FILING FEE

Section 1914(a) of Title 28 of the United States Code provides: "The clerk of each district

court shall require the parties instituting any civil action, suit or proceeding in such court, whether

by original process, removal or otherwise, to pay a filing fee of $350 . . . ."   The courts have

treated the failure to pay a filing fee upon order of the court as a failure to obey a court order and a

failure to prosecute under rule 41(b).   See Scherer v. Kansas, 263 F. App'x at 669 (affirming

dismissal of pro se plaintiff's § 1983 action under rule 41(b) based on plaintiff's failure to pay

required filing fee, despite being informed that his case would otherwise be dismissed).   Rule

41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a
> defendant may move to dismiss the action or any claim against it.   Unless the
> dismissal order states otherwise, a dismissal under this subdivision (b) and any
> dismissal not under this rule -- except one for lack of jurisdiction, improper venue,
> or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).   "Although the language of Rule 41(b) requires that the defendant file a

motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte

for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."

Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir.2003)(citing Link v. Wabash R.R. Co., 370

U.S. 626, 630–31 (1962)).   The United States Court of Appeals for the Tenth Circuit has

instructed district courts to dismiss a complaint without prejudice where a plaintiff has not been

granted leave to proceed in forma pauperis and has not paid the district court filing fee.   See Amen

v. United States, 1997 WL 158163, at *1 (10th Cir. 1997)(unpublished disposition).

**LAW REGARDING RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Rule 59(e) of the Federal Rules of Civil Procedure states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A motion under Rule 59(e) is warranted when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was previously unavailable; or (3) it is necessary to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of Paraclete v. Does, 204 F.3d at 1012 (citation omitted). A district court has considerable discretion in ruling on a motion to reconsider. See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997). A rule 59(e) motion is not an opportunity to rehash arguments previously addressed or to advance new arguments that could have been raised in prior briefing. See Servants of Paraclete v. Does, 204 F.3d at 1012 ("It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." (citation omitted)).

**LAW REGARDING RULE 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from a judgment or order for "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). "Rule 60(b) is an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule." Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983). Rule 60(b) "is not a substitute for appeal, and must be considered with the need for finality of judgment." Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d at 1444 (citing Brown v. McCormick, 608 F.2d 410, 413 (10th Cir.

1979)).   The rule was designed to strike a "delicate balance" between respecting the finality of

judgment and, at the same time, recognizing the court's principal interest of executing justice.

Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d at 1444.   Once a case is

"unconditionally dismiss[ed],"[4] the Court loses all jurisdiction over the case other than the ability

to hear motions under rule 60(b).   Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989)("We

---

[4]Rule 41(a)(2), which governs all dismissals undertaken by way of a court order, grants courts discretion to condition dismissal "on terms that the court considers proper."   Fed. R. Civ. P. 41(a)(2).   Such conditions "could include retention of some jurisdiction by the court."   Smith v. Phillips, 881 F.2d at 905 (citing McCall-Bey v. Franzen, 777 F.2d 1178, 1188-90 (7th Cir. 1985)). The Tenth Circuit has stated that, if the dismissal is pursuant to rule 40(a)(1)(A)(ii), undertaken without a court order, then the court "is powerless to condition [the] dismissal . . . upon a retention of jurisdiction."   881 F.2d at 905.   This is likely no longer true; the district court can probably attach a condition retaining jurisdiction, but only if the parties agree.

> Even when . . . the dismissal is pursuant to Rule 41(a)(1)(ii) [now rule 41(a)(1)(A)(ii)] (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract) [sic] if the parties agree.

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994).
   The only factors counseling hesitation in endorsing the view that a court may retain jurisdiction of a case dismissed pursuant to rule 41(a)(1)(A) are: (i) the proclamation in Kokkonen v. Guardian Life Insurance Co. of America was dicta, and "[i]t is to the holdings of [the Supreme Court's] cases, rather than their dicta, that we must attend," 511 U.S. 375, 379; and (ii) the Court refers to "embody[ing] the settlement contract in its dismissal order," but rule 41(a)(1)(A) provides -- in its very title -- that it pertains to dismissals effectuated "*Without a Court Order*," Fed. R. Civ. P. 41(a)(1)(A) (emphasis in original).
   Smith v. Phillips must, however, be interpreted in light of the Supreme Court's subsequent decision in Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994), in which the Supreme Court held that a district court's ancillary jurisdiction does not extend to the post-dismissal enforcement of federal case settlement agreements, unless: (i) there is an independent basis of federal subject-matter jurisdiction to hear the claims; (ii) the court incorporated the terms of the settlement agreement into its order of dismissal; or (iii) the court includes a term "'retaining jurisdiction'" in its order of dismissal.   Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. at 381.   That decision continues to permit district courts to condition dismissals under rule 41(a)(2), see 511 U.S. at 381, and appears to have no bearing on courts' power to reopen cases pursuant to rule 60(b), see 511 U.S. at 378 (noting, without opining on, the practice of "[s]ome Courts of Appeals" to "reopen[ ] . . . dismissed suit[s] by reason of breach of the agreement that was the basis for dismissal").

agree with the Seventh Circuit that '[a]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Fed. R. Civ. P.] 60(b).'" (alterations in original)).

Motions to obtain relief from a judgment or order based on "mistake, inadvertence, surprise, or excusable neglect" must be brought "within a reasonable time . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). See Blanchard v. Cortes-Molina, 453 F.3d 40, 44 (1st Cir. 2006)("[R]elief from judgment for reasons of 'mistake, inadvertence, surprise, or excusable neglect,' must be sought within one year of the judgment."). This deadline may not be extended and is not subject to the court's discretion. See Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." (emphasis added)). The pendency of an appeal does not toll the time requirement for pursuing a motion under rule 60(b). See Fed. R. Civ. P. 60(c)(1); Griffin v. Reid, 259 F. App'x 121, 123 (10th Cir. 2007)(unpublished); Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1088 (10th Cir. 2005)("[A]n appeal does not toll or extend the one-year time limit of Rule 60(b)."). No time limit applies to rule 60(b)(6), other than that the motion be made within a reasonable time. See Fed. R. Civ. P. 60(c)(1).

**1.      Rule 60(b)(1).**

The Tenth Circuit uses three factors in determining whether a judgment may be set aside in accordance with rule 60(b)(1): (i) whether the moving party's culpable conduct caused the default; (ii) whether the moving party has a meritorious defense; and (iii) whether the nonmoving party will be prejudiced by setting aside the judgment. See United States v. Timers Preserve, 999 F.2d 452, 454 (10th Cir. 1993).

Under some circumstances, a party can rely on rule 60(b)(1) for a mistake by their attorney

or when their attorney acted without their authority.   See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999)("Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party . . . when the party has made an excusable litigation mistake or an attorney has acted without authority . . . .").   Mistake in this context entails either acting without the client's consent or making a litigation mistake, such as failing to file or comply with deadlines.   See Yapp v. Excel Corp., 186 F.3d at 1231.   If the alleged incident entails a mistake, then it must be excusable, meaning that the party was not at fault.   See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993)("This leaves, of course, the Rule's requirement that the party's neglect be 'excusable.'"); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)("If the mistake alleged is a party's litigation mistake, we have declined to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party."); Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990)(holding that attorney carelessness is not a basis for relief under Rule 60(b)(1)).

Courts will not grant relief when the mistake of which the movant complains is the result of an attorney's deliberate litigation tactics.   See Cashner v. Freedom Stores, Inc., 98 F.3d at 577. This rule exists because a party

> voluntarily chose [the] attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. at 397 (quoting Link v. Wabash R.R. Co., 370 U.S. at 633-34)(internal quotation marks omitted).   The Tenth Circuit has held that there is nothing "novel" about "the harshness of penalizing [a client] for his attorney's conduct" and has noted that those "who act through agents are customarily bound," even though, when "an

attorney is poorly prepared to cross-examine an expert witness, the client suffers the consequences." Gripe v. City of Enid, Okla., 312 F.3d 1184, 1189 (10th Cir. 2002). The Court has previously stated:

> There is a tension between how the law treats attorney actions that are without authority, thus permitting relief under rule 60(b), and how the law treats those attorney actions which are inexcusable litigation decisions, thus failing to qualify for relief; although the distinction between those actions may not always be logical, it is well established.

Wilson v. Jara, No. CIV 10-0797 JB/WPL, 2012 WL 1684595, at *7 (D.N.M. May 10, 2012)(Browning, J.).[5]

---

[5]The Supreme Court has recognized that individuals must be "held accountable for the acts and omissions of their chosen counsel," and that the "proper focus is upon whether the neglect of respondents and their counsel was excusable." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993)(emphasis in original). At the same time, the Tenth Circuit has held that, when counsel acts without authority, rule 60(b)(1) provides relief from judgment. See Cashner v. Freedom Stores, Inc., 98 F.3d at 576 ("[A]s a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgment only where . . . an attorney in the litigation has acted without authority from a party . . . ."). "There is a tension between these decisions, because, ordinarily, a client will not authorize his or her attorney to act in a negligent manner or to make a mistake." Wilson v. Jara, No. CIV 10-0797 JB/WPL, 2012 WL 1684595, at *7 n.7. When the client acknowledges that he or she has hired the attorney, there is a difference between decisions which terminate the litigation, such as settlement or a stipulation of dismissal, and other litigation decisions, because decisions to terminate the litigation are ordinarily left to the client. See Chavez v. Primus Auto. Fin. Servs., 125 F.3d 861, 1997 WL 634090, at *4-5 (10th Cir. 1997)(unpublished table decision)(citing Navajo Tribe of Indians v. Hanosh Chevrolet-Buick, Inc., 1988-NMSC-010, ¶¶ 3-5, 749 P.2d 90, 92; Bolles v. Smith, 1979-NMSC-019, ¶¶ 10-11, 591 P.2d 278, 280). "Otherwise the Court has difficulty explaining attorney decisions which are made without authority and attorney decisions for which it is acceptable that the client suffer the consequences." Wilson v. Jara, No. CIV 10-0797 JB/WPL, 2012 WL 1684595, at *7 n.7.

In Chavez v. Primus Automotive Financial Services, the Tenth Circuit recognized that "the mere employment of an attorney does not give him the actual, implied or apparent authority to compromise his client's case." 1997 WL 634090, at *4. Few Tenth Circuit cases analyze whether an attorney has acted without authority. The cases in which the Tenth Circuit has found a lack of authority appear to fall into two categories: (i) cases in which the attorney entered an appearance without the client's knowledge, see FDIC v. Oaklawn Apts., 959 F.2d 170, 175-76 (10th Cir. 1992)(finding that there were factual issues which the district court needed to resolve where "[t]here is nothing in the record indicating when Appellants became aware of the lawsuit and of Newcombe's purported representation"); and (ii) cases in which the attorney's actions terminate the litigation, see Thomas v. Colo. Trust Deed Funds, Inc., 366 F.2d 136, 139-40 (10th

2.      **Rule 60(b)(6).**

Rule 60(b)(6) provides that a court may relieve a party from final judgment, order, or proceeding for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  No time limit applies to rule 60(b)(6), save that the motion be made within a reasonable time.  See Fed. R. Civ. P. 60(c)(1).  "Thus, to the extent it is applicable, clause (6) appears to offer a means of escape from the one-year limit that applies to motions under clauses (1), (2), and (3)."  11 Charles Alan

---

Cir. 1966)(finding that, as to one of the plaintiffs, "the record shows that he did not participate in the transactions and negotiations with the S.E.C. and did not consent to the execution of the stipulation of the judgment").  Because decisions that terminate the litigation are ordinarily the client's prerogative, those decisions fit more squarely within rule 60(b)(1)'s "lack of consent" prong.

Decisions where the purported client is unaware of the litigation, or of the attorney's attempt to act on his or her behalf, would also fit within rule 60(b)(1)'s "lack of consent" prong, because an individual has the right to choose his or her own attorney, or to decide whether he or she wishes to have any attorney.  Other litigation decisions are made jointly or are within the attorney's control, see Model Code of Prof'l Conduct R. 1.2 cmt. 1 (2011)("With respect to the means by which the client's objectives are to be pursued, the lawyer shall consult with the client . . . and may take such action as is impliedly authorized to carry out the representation."); Pittman ex rel. Sykes v. Franklin, 282 F. App'x 418, 427 n.6 (6th Cir. 2008)(unpublished)("[T]he decision to allege comparative fault as an affirmative defense falls within a narrow band of circumstances in which an attorney may act without consulting his or her client"), and, thus, to give final judgments meaning and allow cases to terminate, it is logical that those decisions must fall within the "excusable litigation mistake" prong, or be based on a substantive mistake of law or fact.

Although the Tenth Circuit does not appear to have expressed its views on where the line is drawn between attorneys acting without consent and litigation mistakes, or acknowledged the tension between these two categories, the Court believes that the appropriate division is, when the client is aware that the attorney is acting on his or her behalf, between decisions which dispose of the case and ordinarily require client consent, and other routine attorney decisions which take place over the course of the case.   The Court also notes that rules of professional conduct require, "[i]n a criminal case," for a lawyer to "abide by the client's decision, after consultation with the lawyer, as to the plea to be entered, whether to waive a jury trial and whether the client will testify."  Model Rules of Prof'l Conduct R. 1.2(a).  While a decision on the plea to be entered in a criminal case is comparable to whether to settle a civil case, the Court has not located any decisions permitting rule 60(b) relief when a civil attorney waives his or her client's right to jury trial.  One unpublished decision from the United States Court of Appeals for the Fourth Circuit discusses briefly a scenario where, without resolving the merits of the issue, a criminal defendant raised through a rule 60(b) motion in a habeas preceding that "his trial counsel had prevented him from testifying in his defense."   United States v. McMahan, 8 F. App'x 272, 274 (4th Cir. 2001)(unpublished).

Wright, Arthur R. Miller & M. Kane, Federal Practice & Procedure § 2864, at 490 (2d ed. 2012). In Pioneer Investment Services Co. v. Brunswick Associates Ltd., 507 U.S. 380 (1993), the Supreme Court reasoned that, to avoid abrogating the one-year time limit for rule 60(b)(1) to (3), rule 60(b)' s "provisions are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)."  507 U.S. at 393 (citing Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 & n.11 (1988)).   "If the reasons offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), those reasons will not justify relief under Rule 60(b)(6)."  12 James Wm. Moore et al., Moore's Federal Practice, Civil § 60.48[2], at 60-182 (3d ed. 2013).   Accord Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. at 863 n.11 ("This logic, of course, extends beyond clause (1) and suggests that clause (6) and clauses (1) through (5) are mutually exclusive.").

Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case." Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991)(internal quotation marks omitted).   "The Rule does not particularize the factors that justify relief, but we have previously noted that it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' while also cautioning that it should only be applied in 'extraordinary circumstances.'"   Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. at 863.   Generally, the situation must be one beyond the control of the party requesting relief under rule 60(b)(6) to warrant relief.   See Ackermann v. United States, 340 U.S. 193, 202 (1950)("The comparison [of prior precedent] strikingly points up the difference between no choice and choice; imprisonment and freedom of action; no trial and trial; no counsel and counsel; no chance for negligence and inexcusable negligence.   Subsection 6 of Rule 60(b) has no application

- 13 -

to the situation of petitioner.").  Legal error that provides a basis for relief under rule 60(b)(6)

must be extraordinary, as the Tenth Circuit discussed in Van Skiver v. United States:

> The kind of legal error that provides the extraordinary circumstances justifying relief under Rule 60(b)(6) is illustrated by Pierce [v. Cook & Co., 518 F.2d 720, 722 (10th Cir. 1975)(en banc)].  In that case, this court granted relief under 60(b)(6) when there had been a post-judgment change in the law "arising out of the same accident as that in which the plaintiffs . . . were injured."  Pierce, 518 F.2d at 723.  However, when the post-judgment change in the law did not arise in a related case, we have held that "[a] change in the law or in the judicial view of an established rule of law" does not justify relief under Rule 60(b)(6).  Collins v. City of Wichita, 254 F.2d 837, 839 (10th Cir. 1958).

952 F.2d at 1244-45.

"Courts have found few narrowly-defined situations that clearly present 'other reasons

justifying relief.'"   Wright et al., supra, § 2864, at 483.   The Supreme Court expounded:

> To justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay.  If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable.  In Klapprott, for example, the petitioner had been effectively prevented from taking a timely appeal of a judgment by incarceration, ill health, and other factors beyond his reasonable control.  Four years after a default judgment had been entered against him, he sought to reopen the matter under Rule 60(b) and was permitted to do so.

Pioneer Inv. Services Co. v. Brunswick Associates Ltd., 507 U.S. 380, 393 (citing Liljeberg v.

Health Services Acquisition Corp., 486 U.S. at 863 & n.11; Ackerman v. United States, 340 U.S.

193, 197-200 (1950); Klapprott v. United States, 335 U.S. 601, 613-614 (1949)).  See Gonzalez v.

Crosby, 545 U.S. 524, 535 (2005)("[O]ur cases have required a movant seeking relief under Rule

60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment.").   In

Gonzalez v. Crosby, the Supreme Court found a change in the law during the pendency of a habeas

petition was not an extraordinary circumstance.  See 545 U.S. at 537.

When the Supreme Court first addressed rule 60(b)(6) a year after it was introduced to the

federal rules, while the Justices were sharply divided on other issues, no dispute arose from Justice

- 14 -

Black's statement: "[O]f course, the one year limitation would control if no more than 'neglect' was disclosed by the petition.   In that event the petitioner could not avail himself of the broad 'any other reason' clause of 60(b)."   Klapprott v. United States, 335 U.S. at 613.   See Wright et al., supra, § 2864, at 493.

Examples where courts apply rule 60(b)(6) include "settlement agreements when one party fails to comply" and courts use the rule "to return the parties to the status quo," or in cases involving fraud by a "party's own counsel, by a codefendant, or by a third-party witness," which does not fit within rule 60(b)(3)'s provision for fraud by an adverse party.   Wright et al., supra, § 2864, at 485, 487.   The most common application is to grant relief "when the losing party fails to receive notice of the entry of judgment in time to file an appeal."[6]   Wright et al., supra, § 2864, at 488.   When moving for relief pursuant to rule 60(b)(6), it is not enough to argue the same issues that a court has already addressed.   See Pyeatt v. Does, 19 F. App'x 785, 788 (10th Cir. 2001)(unpublished)("[A] motion to reconsider [that] simply reasserts information considered by the district court in its initial determination . . . does not meet the extraordinary circumstances standard required for Rule 60(b)(6) relief.").

## ANALYSIS

Padilla received notice that the Court may dismiss this case without prejudice if he did not

---

[6]Professors Charles Wright and Arthur Miller note that

[m]ost of those cases, however, predate the 1991 amendment to Appellate Rule 4(a)(6), which now provides relief from the strict appellate filing rule if the party did not learn of the entry of the judgment.   In light of that change, most courts have held that resort to Rule 60(b) as a means of extending the appeal time no longer is appropriate, although the Rule 60(b) approach is still utilized in some courts, primarily in the Sixth Circuit.

Wright et al., supra, § 2864, at 489-90 (citations omitted).   See Clark v. Lavallie, 204 F.3d 1038, 1041 (10th Cir. 2000)("Rules 4(a)(6) and 77(d) 'precludes the use of Fed. R. Civ. P. 60(b)(6) to cure problems of lack of notice.'" (citations omitted)).

timely "pay the $400.00 fee for instituting a civil action or file an 'Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).'"   Order to Cure Deficiency at 1. Padilla failed to timely pay the fee or to file an application to proceed in the district court without prepaying fees.   Padilla has not been granted leave to proceed in forma pauperis.   The Court therefore dismissed his Complaint without prejudice for failure to prosecute under rule 41(b) and entered final judgment.   See Memorandum Opinion and Order of Dismissal at 3; Final Judgment at 1.

On October 8, 2015, Padilla filed his IFP Motion, Motion for Leave to Appeal IFP, and Notice of Appeal.   Padilla did not file a motion to amend the Court's Final Judgment pursuant to rule 59 of the Federal Rules of Civil Procedure.   He also did not file a motion for relief from the Court's Order of Dismissal or Final Judgment pursuant to rule 60 of the Federal Rules of Civil Procedure.   The Court will deny Padilla's Motion to Proceed IFP in district court as moot, because: (i) the Court has dismissed this case and entered final judgment; and (ii) Padilla has not moved the Court to amend its Memorandum Opinion and Order of Dismissal, or its Final Judgment.

The Court will deny Padilla's Motion for Leave to Appeal IFP, because Padilla has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."   DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).   The only issue Padilla raises on appeal is his assertion that he "sent" the IFP Application to the Court. Notice of Appeal at 6-8.   There is no indication on the docket, and Padilla does not provide any proof in his Notice of Appeal, that he filed an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" with the Clerk.

Finally, the Court will certify that Padilla's appeal is not taken in good faith, because his

argument of error, that he sent an IFP Application to the Court, lacks a basis in the facts.

cites no legal authority to support his contention that "sending" the Application to the Court, as

opposed to delivery of the Application to the Clerk, constitutes "filing" of the Application.

    **IT IS ORDERED** that: (i) Plaintiff Erik Padilla's Motion to Proceed In Forma Pauperis,

filed October 8, 2015 (Doc. 10), is denied as moot; (ii) Plaintiff Erik Padilla's Motion for Leave to

Proceed on Appeal Without Prepayment [of] Costs or Fees, filed October 8, 2015 (Doc. 11), is

denied; and (iii) the Court certifies that Padilla's appeal is not taken in good faith.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Erik Padilla
Mountainair, New Mexico

    *Plaintiff pro se*

- 17 -